**DENTONS US LLP**
Sandra D. Hauser (pro hac vice app. forthcoming)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Email: sandra.hauser@dentons.com

Leanna M. Anderson (SBN 228271)
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
Tel: (214) 259-0900
Email: leanna.anderson@dentons.com

**WILLKIE FARR & GALLAGHER LLP**
Laura Leigh Geist (SBN 180826)
One Front Street, 34th Floor
San Francisco, California 94111
Tel: (415) 858-7440
Email: lgeist@willkie.com

Attorneys for Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ADVOCATES FOR NURSING HOME REFORM, a California non-profit corporation, individually and on behalf of the purported class,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation; PRUCO LIFE INSURANCE COMPANY, an Arizona corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Date Action Filed:   January 25, 2024 |

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants The Prudential Insurance Company of America and Pruco Life Insurance Company, contemporaneously with the filing of this Notice of Removal, hereby seek removal of the below-referenced action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

The removal is based on 28 U.S.C. §§ 1332, 1441, and 1446, specifically on the following grounds:

1. On January 25, 2024, Plaintiff California Advocates For Nursing Home Reform filed a Complaint with the Superior Court of the State of California, County of Alameda, Case No. 24CV061396 (the "Action"). Defendants received copies of the Summons and Complaint in the Action via counsel, together with a request for acknowledgment of service, which was returned and deemed accepted as of February 19, 2024. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint with which Defendants were served in the Action is attached as **Exhibit A**.

2. In the Action, Plaintiff individually and on behalf of a purported class brings causes of action for: (i) declaratory judgment or relief under California Civil Code § 1060, *et seq.*; and (ii) alleged violations of California Business and Professions Code § 17200, *et seq.* (the "UCL") in connection with life insurance policy lapses. Plaintiff argues that such lapses did not comply with California Insurance Code §§ 10113.71 and 10113.72.

3. This Court has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. As a separate and independent basis for jurisdiction, this action is also removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a purported class action alleged to involve more than 100 putative class members, the aggregate amount in controversy excluding interest and costs exceeds $5,000,000, and there is complete (thus at least minimal) diversity.

///

///

**DIVERSITY OF CITIZENSHIP**

4. For the purpose of citizenship, an individual is a citizen of a state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Similarly, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Finally, for the purpose of determining diversity for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (holding that "Does" named in Complaint without any indication as to their identities or relationship to the action are wholly fictitious and properly disregarded for jurisdictional purposes). Where, as here, a plaintiff brings an action purportedly on behalf of a class, the court looks only to "the citizenship of the named plaintiffs at the time the action is filed." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931, n.2 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

5. Plaintiff alleges it is a California "non-profit corporation based in Berkeley, California." (Compl. ¶ 10). Plaintiff is thus a citizen of California.

6. Defendant The Prudential Insurance Company of America is a New Jersey corporation with its principal place of business in New Jersey. Thus, it is a citizen of New Jersey.

7. Defendant Pruco Life Insurance Company is an Arizona corporation with its principal place of business in New Jersey. Thus, it is a citizen of Arizona and New Jersey.

8. Plaintiff's Complaint fails to identify DOES 1-10. (Compl. ¶ 14).

9. Thus, there is complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §§ 1332(a).

10. Additionally, 28 U.S.C. § 1332(d) allows for diversity where there are 100 purported class members, and at least one class member is diverse from at least one defendant. Plaintiff alleges that its proposed class "contains tens-of-thousands of members." (Compl. ¶ 44). As explained above, complete diversity exists between Plaintiff and Defendants. Thus, this matter also meets the minimal diversity requirement of 28 U.S.C. § 1332(d).

**AMOUNT IN CONTROVERSY**

11. Plaintiff's Complaint is silent as to the total amount in controversy, but seeks judgment for monetary restitution where available under the UCL, as well as attorneys' fees and costs. (*See* Compl. ¶ 75 & Prayer for Relief).

12. Although Plaintiff does not claim to own a life insurance policy issued by either of the Defendants, on behalf of the proposed class, Plaintiff alleges UCL restitution is appropriate because beneficiaries of such policies have been "deprived" of their face values or death benefits. (*See* Compl. ¶¶ 71, 79). That, Plaintiff contends, constitutes "moneys wrongfully withheld by Defendants that must be returned to the Class." (Compl. ¶ 79).

13. When an action seeks policy benefits, that amount should be considered the amount in controversy. *See Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018). Given that the purported class is alleged to have "tens-of-thousands of members" (Compl. ¶ 44) and, further, that most life insurance policies typically have potential death benefits of thousands of dollars (if not more), it follows that the amount in controversy here should be deemed in the range of tens of millions of dollars.

14. Moreover, the proposed class definition set forth in this Complaint is near-identical to a prior complaint that the same counsel for Plaintiff brought against the same Defendants, which was filed in the Northern District of California and litigated to conclusion in this Court. *See generally Moreland v. The Prudential Insurance Co. of America*, No. 3:20-cv-04336-RS (N.D. Cal.) [ECF No. 1 (*Moreland* Complaint)]. The *Moreland* action is even referenced in the Complaint for this action. Notably, the *Moreland* Complaint alleged that the matter in controversy, exclusive of interest and costs, exceeded $75,000 and, further, that the matter in controversy was a putative class action with over 100 class members and with over $5 million in controversy. (*Id.* ¶ 102).

15. Plaintiff additionally seeks attorneys' fees and costs, which often exceed the minimum jurisdictional amount on their own. *See Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (holding that Court was within its discretion to find that attorneys' fees would exceed jurisdictional limit).

16. The amount in controversy therefore exceeds the $75,000 threshold to establish jurisdiction under 28 U.S.C. §§ 1332(a), as well as the $5,000,000 threshold to establish jurisdiction under 28 U.S.C. §§ 1332(d).

**TIMELINESS OF REMOVAL**

17. Defendants received a copy of the Summons and Complaint in the Action on February 14, 2024.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of Defendants' notice and receipt of Plaintiff's Complaint.

**VENUE IS PROPER**

19. The Action was filed in the Superior Court of the State of California, County of Alameda, and venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a), and 1446.

**NOTICE TO PLAINTIFF AND SUPERIOR COURT**

20. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.

**RESERVATION OF RIGHTS**

21. Defendants, by filing this Notice of Removal, do not waive any defenses or objections available to them under the law. Defendants reserve the right to amend or supplement this Notice of Removal.

**NOTICE OF RELATED CASE**

22. Contemporaneous with this filing, pursuant to Local Civil Rule 3-12, Defendants are also filing an Administrative Motion requesting that this case be designated as related to *Moreland v. The Prudential Insurance Co. of America*, No. 3:20-CV-04336 (N.D. Cal.), and likewise be assigned to Chief Judge Richard Seeborg for all future purposes.

| | | |
|---|---|---|
| 1 | Dated: February 23, 2024 | Respectfully submitted, |
| 2 | | DENTONS US LLP |
| 4 | | By: /s/ *Leanna M. Anderson* |
| | | Leanna M. Anderson |
| 5 | | Attorneys for Defendants |
| 6 | | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and |
| 7 | | PRUCO LIFE INSURANCE COMPANY |

**CERTIFICATE OF SERVICE**

I, Leanna M. Anderson, declare that I am over the age of 18 years and am not a party to this case. I am counsel of record and am employed in the state of Texas, where my business address is Dentons US LLP, 2000 McKinney Avenue, Suite 1900, Dallas, Texas 75201.

On February 23, 2024, I served the foregoing document:

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

On the following counsel for Plaintiff:

NICHOLAS & TOMASEVIC, LLP
Craig M. Nicholas
Alex Tomasevic
Jake W. Schulte
225 Broadway, 19th Floor
San Diego, CA 92101
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

SINGLETON SCHREIBER, LLP
Christopher R. Rodriguez
Andrew D. Bluth
Michelle M. Myers
1414 K Street, Suite 470
Sacramento, CA 95814
Email: crodriguez@singletonschreiber.com
Email: abluth@singletonschreiber.com
Email: mmeyers@singletonschreiber.com

WINTERS & ASSOCIATES
Jack B. Winters
Sarah Ball
8489 La Mesa Boulevard
La Mesa, CA 91942
Email: jackbwinters@earthlink.net
Email: sball@einsurelaw.com

By causing it to be placed in an envelope addressed to each interested party as set forth above. Prepaid postage was affixed to the envelope, which was then deposited for mailing with the U.S. Postal Service.

Additionally, courtesy copies of the foregoing document were served on the above-listed counsel for Plaintiff via email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 23, 2024, at Dallas, Texas.

/s/ *Leanna M. Anderson*
Leanna M. Anderson

7    DEFENDANTS' NOTICE OF REMOVAL